**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

AUDREY BRADLEY                                                                          PLAINTIFF

v.                                            NO. 4:08CV00096 JLH

ARKANSAS BOLL WEEVIL ERADICATION
FOUNDATION, *et al.*                                                                  DEFENDANTS

## OPINION AND ORDER

Audrey Bradley brought this action against Arkansas Boll Weevil Eradication Foundation and Danny Kiser and Leonard Sharp in their official capacities with that organization. She alleged sexual harassment, racial discrimination, and retaliation under Title VII and 42 U.S.C. § 1981. The defendants moved to dismiss Kiser and Sharp, arguing they could not be held individually liable under Title VII. The Court denied that motion because the defendants are named only in their official capacities, not their individual capacities. The defendants have filed a second motion to dismiss, which Audrey Bradley opposes. For the following reasons, that motion is granted.

## I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the

claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (overruling language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1964-65 (citations omitted). Stated differently the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

## II.

Audrey Bradley commenced this action against her former employer, Arkansas Boll Weevil Eradication Foundation, and against the executive director, Danny Kizer, in his official capacity, and against Leonard Sharp, her supervisor, in his official capacity. She alleged that Sharp sexually harassed her, that there were racially discriminatory policies in place at Arkansas Boll Weevil Eradication Foundation, and that she was not given raises based on her race. She brought the action under 42 U.S.C. § 1981 and Title VII. The defendants moved to dismiss, arguing that Kiser and Sharp could not be sued as individuals. This Court denied that motion, observing that: "The parties thus argue as though Dany Kiser and Leonard Sharp, in their individual capacities, were parties to this case, but they are not. Bradley's complaint names Kiser and Sharp as defendants only in their

official capacities, not in their individual capacities." Citing *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380 (8th Cir. 1995), the Court held that "[e]mployers can be named in their official capacities in Title VII actions."

The defendants have moved again to dismiss Kiser and Sharp, this time in their official capacity. The defendants argue that although the Eighth Circuit has not directly addressed the question of whether a supervisor can be sued in his official capacity under Title VII, this Court should adopt one of several views: that employees of private entities should not have to defend themselves in their official capacities as employees of governmental entities do; that suing both the employer and the supervisory employee is redundant and that the claims essentially merge; that this type of suit is analogous to a § 1983 claim in which the governmental entity is not immune and the individual sued in his official capacity would be dismissed; and finally that a distinction between individual and official capacity suits under Title VII does not exist.

The Eighth Circuit has clearly held that supervisors may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997); *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *cf. Lenhardt*, 55 F.3d at 380. In light of this issue, the Eighth Circuit explained:

> The consensus . . . is that Title VII actions brought against individual employees are against those employees in their "official" capacities, and that liability can be imposed only upon the common employer of the plaintiff and of the individual fellow employees who are named as defendants. Under this view, the language "any agent of such a person" is designed to incorporate the principles of *respondeat superior* into Title VII rather than to expose either supervisors or co-workers to personal liability in employment discrimination cases.

*Lenhardt*, 55 F.3d at 380. However, the Eighth Circuit has upheld the dismissal of an employee named in his official capacity in a § 1983 action that also named a governmental entity that was not

3

immune from suit.  *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182

("The district court correctly dismissed the claim against [the defendant] as redundant to the claim

against the School District."); *see also Ham v. Pennington County Bd. of Comm'rs*, 158 Fed. App'x

761, 762 (8th Cir. 2005).  The same rationale applies in this instance to Kiser and Sharp because

Arkansas Boll Weevil Eradication has been named as a defendant and can be held liable under Title

VII and § 1981 for their actions as employees.  It would be redundant for them to remain as parties

to the lawsuit in their official capacities since their employer would be liable for their official

actions.  Since Arkansas Boll Weevil Eradication is liable for Kiser's and Sharp's actions in their

official capacities and is already named as a defendant, Kiser and Sharp should be dismissed.

## CONCLUSION

For the reasons listed above, the defendants' motion to dismiss is granted.  Document #24.

IT IS SO ORDERED this 26th day of November, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT